The People ex rel. William McKeever et al., Appellants, v. Board of Education of Drummer Township High School, Appellee.

* SCHOOLS—*power of boards of education to introduce manual training.*   Under School Law ch. 122, §§ 91, 114, 179, boards of education of township high schools have power to discharge the duties of school directors, to direct what branches of study shall be taught and to establish instruction in such other branches as they may prescribe, including manual training, without submitting the question to the voters of the district, but if they fail to act, the latter may prescribe instruction in such other branches.

Appeal from the Circuit Court of Ford county; the HON. T. M. HARRIS, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

SCHNEIDER & SCHNEIDER, for appellants.

W. H. BOYS and CLOUD & THOMPSON, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an information in the nature of quo warranto, filed by the Attorney General, and by the State's Attorney of Ford County, in the circuit court of that county. The Board of Education of the Drummer Township High School was made defendant.

The appellee Board of Education of the Drummer Township High School, prescribed a manual training department in connection with said high school, as a branch of the educational course.

The information filed herein alleges that no election of the voters of said high school district was ever had authorizing the establishment of a manual training department of said school. To the information the appellee board filed a demurrer, which, in legal effect, admitted that no such election had ever been held.

Upon the hearing the court sustained the demurrer to the information, and, appellants having elected to stand by the information, the court assessed the costs and charges of the suit against the relators, appellants here, and from that decision this appeal has been perfected.

The question involved in the consideration of this case is the construction to be given to sections 91, 114 and 179 of our school law.

It is contended by appellants that no power or authority exists in the board of education to establish a manual training department in said high school, without first having submitted such question to the legal voters of the district and having received their

approval. It is contended by appellee that the evident intention of said section 179 was to give to the board of education a certain discretionary power in the selection of new or additional branches, in addition to those enumerated, as the interest of the patrons of the high school might require from time to time. Hence, it becomes important to determine the power and authority of the board of education of the high school in question.

Under the provisions of section 91 of chapter 122, entitled "Schools," we find that the boards of education of township high schools "shall, in all respects, have the power and discharge the duties of school directors for such districts."

Then, in order to determine as to the powers conferred upon the appellee board, we must look to the portion of the school law defining the powers of school directors, which are (sec. 114, Eighth clause, and sec. 179, all of chap. 122) "114. The board of directors shall have the following additional duties: *Eighth.* To direct what branches of study shall be taught, what text books and apparatus shall be used, and to enforce uniformity of text books in the public schools; but they shall not permit books to be changed oftener than once in four years." "179. Every school established under the provisions of this act shall be for instruction in the branches of education prescribed in the qualifications for teachers, and in such other branches, including vocal music and drawing, as the directors, or the voters of the district at the annual election of directors, may prescribe."

The sole question in this case is, did the appellee board of education, in September, 1911, have lawful authority and right to establish a manual training department of their school without submitting that question to the voters of the district?

From a reading of the two sections of the school law above quoted it appears that the appellee board, at the time of the establishment of the manual training de-

partment, had power to direct what branches of study should be used, and also to see to it that instruction should be given in the branches of study prescribed in the qualification of teachers, and in such other branches as they, the board, might prescribe.

The question then arises, whether or not instructions in manual training is included in the term "branches of study" or "branches of education."

In the case of Powell v. Board of Education, 97 Ill. 375, the court, in the body of the opinion, at page 387, in commenting upon the section of the school law of 1872, which is identically the same as the section now appearing in our school law as section 179, says: "power is expressly given to directors to order that 'other branches' than those enumerated, may be taught in the common schools, and, by another section, they are given discretion to say what those branches of study shall be."

In Trustees of Schools v. People, 87 Ill. 303, the court on page 307, says: "The powers and duties of the trustees being, with respect to the high school, the same as those of directors with respect to the district school."

We are of the opinion that the law, as laid down by the authorities quoted, and others, gave to the board of directors and board of education of township high schools, the power and authority to order and direct what branches of education should be taught in the district and in high schools, without a vote of the people.

Therefore, it becomes important to determine whether manual training is included within the phrase "and in such other branches." If so, the appellee board had full power to establish a branch of manual training in the high school.

It is generally conceded, that under the term "such other branches" German, French and Latin languages may be taught. Botany, agriculture, domestic science and many other useful lines of education may be and

are taught in all of the high schools of our state, and that without a vote of the voters of the district. In order to construe the statute so that the greatest liberality may be given in securing an education, it does not require, in our opinion, that any strained construction should be placed upon the sections of the statute above referred to. Section 91 says that the powers of the board of education of high schools shall be the same as that of school directors. Section 179 says that school directors may direct what other branches shall be taught other than those specifically enumerated; and also says that the voters of the district may by vote elect to establish "other branches" than those specified.

The proper construction to be given this section is, that the directors may direct, but if they fail, by vote, at the annual election, the voters may prescribe. In other words, if the board of education of the high school do not, of their own motion, under the provisions of section 179, provide for manual training department, then the voters may file a petition, and by a majority vote compel the board of education to act.

Under this view of the law controlling this case, all of the provisions of the school law here involved remain a consistent whole.

Entertaining this view of the law, the action of the court in sustaining the demurrer is approved, and the judgment is affirmed.

*Affirmed.*